IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BILLY GENE PAULMAN                                                                                          PLAINTIFF

v.                                      No. 2:16CV00010-JLH

BANK OF AMERICA, N.A.; and
SETERUS, INC.                                                                                              DEFENDANTS

**OPINION AND ORDER**

    Billy Gene Paulman commenced this action against Bank of America, N.A., and Seterus, Inc., in the Circuit Court of St. Francis County, Arkansas, on December 14, 2015, for injunctive relief, declaratory relief, and damages. The complaint alleges claims for violations of the Arkansas Deceptive Trade Practices Act, negligence, breach of contract, and violations of the Arkansas Fair Debt Collection Practices Act. Seterus removed the action to this Court on January 19, 2016, based on diversity of citizenship. Bank of America consented to the notice of removal. Document #14 at 1. Paulman has filed a motion to remand, arguing that the amount on controversy is less than $75,000, which is the minimum amount for diversity jurisdiction. 28 U.S.C. § 1332(a). For the following reasons, the motion is denied.

    The complaint alleges the following facts. In 2004, Paulman mortgaged his home to obtain a loan from Bank of America. Paulman lost the home, which was insured by State Farm Fire and Casualty Company, in a fire on July 9, 2014. State Farm issued a check on August 11, 2014, to Bank of America for $110,355.41. Bank of America endorsed the check on August 20, 2014. Paulman alleges that the check was sufficient to satisfy his indebtedness to Bank of America, but Bank of America refused to recognize that the mortgage was satisfied. Instead, it transferred, assigned, or sold the mortgage to Seterus. Paulman and his lawyer notified Seterus that the

mortgage had been satisfied, but Seterus refused to credit Paulman's account for the payment made by State Farm on his behalf.

A removing party "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). Thus, when diversity jurisdiction under 28 U.S.C. § 1332 is at issue, as it is here, the removing party must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that the case is between citizens of different states. If the complaint states on its face an amount in controversy exceeding $75,000, the removing party's burden is met and the amount in controversy is established. *See James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). But the Court does "not assume the claimed amount is the actual amount in controversy 'if the court questions whether the amount is legitimate, [for then] the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.'" *Id.* (quoting *Mo. ex rel. Pemiscot Cnty. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995)). The Court should resolve all doubts in favor of remand to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

"The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced." *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987). *See also Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Noel v. Liberty Bank of Ark.*, No. 3:10CV00107-JLH, 2010 WL 2804331, at *3 (E.D. Ark. July 16, 2010) (holding that the amount in controversy was the value of allegedly over-

delivered mutual fund assets when trustee sought an accounting of trust assets in order to determine the cause of transfer errors).

In his prayer for relief, Paulman asks the Court to declare that the mortgage has been satisfied in full, award attorney's fees and costs, and order that the defendants release him from mortgage obligations and inform all credit agencies that any negative reporting stemmed from their own errors. Paulman also seeks actual damages for mental anguish and harm to his credit score, as well as punitive damages. Not counting his claims for mental anguish, harm to his credit score, and punitive damages, the value to Paulman of the right he seeks to enforce – his right to own his property free and clear of the mortgage – is $110,355.41. He alleges that the check issued by State Farm to Bank of America satisfied the mortgage in full and asks the Court to require the defendants to "credit his account for that amount." If the Court does not grant Paulman's request for injunctive relief, he will still owe the defendants $110,355.41. Therefore, the amount in controversy is at least the alleged value of the mortgage encumbering Paulman's property.

## CONCLUSION

For the foregoing reasons, Paulman's motion to remand is DENIED. Document #7.

IT IS SO ORDERED this 25th day of March, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

3